TRICOMO v. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—FILING OF CLAIM—STATUTE OF LIMITATIONS.

Finding of department of labor and industry that employee failed to claim disability and file any claim for compensation for injury, received when buried by slide of sand while unloading railroad car near foundry, within time prescribed therefor by statute *held,* fully supported by evidence (2 Comp. Laws 1929, § 8431).

2. SAME—STATUTE OF LIMITATIONS—NONCOMPENSABLE REPORT.

Defense of statute of limitations barring award *held,* available to employer which had filed proper noncompensable report of accident where employee lost no time, continued in employer's service for several years, was laid off, and made no claim for compensation until over four years after injury (2 Comp. Laws 1929, § 8431).

3. SAME—APPLICATION OF STATUTE OF LIMITATIONS—FILING OF REPORTS.

Response of employer's counsel at hearing before deputy commissioner that proper report of accident had not been filed *held,* not an admission that proper report of accident in question had not been filed where application for adjustment of claim then on file stated accident happened a month or two prior to the one reported as noncompensable by the employer, now claimed to have been the cause of disability, hence statute of limitations contained in workmen's compensation act is applicable (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted April 21, 1936. (Docket No. 148, Calendar No. 38,310.) Decided June 4, 1936.

Frank Tricomo presented his claim against Ford Motor Company for injuries received while in de-

fendant's employ. From denial of compensation, plaintiff appeals. Affirmed.

*Fred K. Sabbag,* for plaintiff.

*E. C. Starkey* and *F. A. Nolan* (*Tuttle & Tuttle,* of counsel), for defendant.

WIEST, J. Plaintiff was a laborer, employed by defendant company. January 8, 1929, while helping to unload a car of frozen sand a large chunk slid upon and pinned him down. He lost no time nor wages and continued to work for defendant company until some time in 1932, when he was laid off, along with other employees, for lack of work. May 2, 1929, defendant company made and filed a proper report of noncompensable accident and plaintiff, though he now claims he suffered serious ailments from the accident mentioned, made no claim on account thereof or application for compensation until January 26, 1934.

Upon hearing before a deputy commissioner defendant pleaded the statute of limitations (2 Comp. Laws 1929, § 8431) but, notwithstanding, plaintiff was awarded compensation. Defendant appealed and the full department denied compensation upon a finding of the due filing of a proper noncompensable report by the employer and failure of plaintiff to claim disability from the injury within six months and apply for compensation on account thereof within two years.

The finding of the full department was fully supported by the evidence, and we quote the following therefrom:

"On May 2, 1929, the defendant filed a report of noncompensable accident. It states the date of the

accident was January 8, 1929. The hour of the accident was 9:20 p. m. The nature and cause of injury are as follows:

" 'Claims contusion over abdominal and lumbar regions, there is no evidence of such. While helping to unload sand from R. R. car near foundry was buried by slide of sand and shoved against side of car hurting his back and legs.' * * *

"Stress is laid upon the fact that a report of non-compensable accident was filed in accordance with the requirements of the compensation law, that in its denial of liability the defendant set forth that there was no claim for compensation made within the statutory period, that at no place in the entire record is there any reference to a claim for compensation having been made at any time.

"Section 8431, 2 Comp. Laws 1929, requires that a claim for compensation must be made within six months from the date of the accident, or in case the disability or incapacity does not develop or make itself apparent within six months after the happening of the accident, but does develop and make itself apparent at some date subsequent to six months after the happening of the same, claim for compensation may be made within three months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within two years from the date the accidental personal injury was sustained. The act then provided among other things that in all cases in which the employer had notice or knowledge of the happening of the accident within three months after the happening of the same and fails, neglects or refuses to report said accident to the department of labor and industry as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said accident shall have

been filed with the department of labor and industry.

"The defendant in this case complied with this statute and filed a report of noncompensable accident. The plaintiff kept right on working until 1932 when he was laid off and there is absolutely no proof in this record at any place that he ever made a verbal or other demand for compensation until 1934. The written demand for compensation was in the form of a notice and application for adjustment of claim filed with the department of labor and industry on January 29, 1934.

"No matter what this commission may think of the merits of plaintiff's claim, we are confronted with this defense.

"For the reason stated, the award of the deputy commissioner must be reversed and an order entered denying compensation."

That opinion so clearly states the facts and applicable law that there is no occasion for us to say more on the subject.

Counsel for plaintiff claims that, at the hearing before the deputy, the commissioner asked if a proper report of the accident was made to the department and counsel for defendant said "denied," and it is insisted that this was an admission that a proper report of this accident was not filed.

The original application of plaintiff for compensation stated that the accident happened in January or February, 1928, and failed to state the nature thereof. Plaintiff did not enter defendant's employ until August, 1928. An amended application, filed on the 3d day of April, 1934, stated the accident happened in the winter of 1929, "approx. Nov. or Dec., 1929."

The hearing before the deputy commenced on the 5th day of April, 1934, and counsel for defendant

was quite right in denying that any report of such alleged accident was made.

The report of the accident was filed and governs the point.

Applicability of the statute of limitations was urged before the deputy commissioner and upon appeal before the full department, and properly so.

Affirmed, with costs to defendant.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.